UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:23-CR-30-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| GARY L. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 27 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Gary L. Wilson's guilty plea and adjudge him guilty of Count One of the Indictment, as well as the forfeiture allegation. *See* DE 28 (Recommendation); *see also* DE 25 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 28 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

1

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 28, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty under Count One of the Indictment;

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 28 at 2 (Recommendation), DE 25 at ¶ 10 (Plea Agreement)) the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 1-2) is forfeitable and that Defendant has an interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *Id*. at (b)(4)(B); and

3. The Court will issue a separate sentencing order. [1]

This the 22nd day of February, 2024.

Signed By:
**_Robert E. Wier_**
**United States District Judge**

---

[1] Judge Ingram remanded Wilson to custody post-plea, which preserved his status following arraignment. *See* DE 16; DE 27. As such, Wilson, currently on a writ, will remain in custody pending sentencing, subject to intervening orders.